IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **TERRI CHURCH** | : | CASE NO.   3:20-cv-135 |
| 2076 Mattis Drive | : | |
| Dayton, OH 45439, | : | **JUDGE** |
| | : | |
| **Plaintiff, Individually, and on behalf of other members of the general public similarly situated**, | : | |
| | : | |
| v | : | |
| | : | |
| **THE PINE CLUB, LLC** | : | **COMPLAINT** |
| c/o CT Corp. System, Statutory Agent | : | |
| 440 Easton Commons Way, Suite 125 | : | **Jury Demand Endorsed Herein** |
| Columbus, OH 43219, | : | |
| | : | |
| **Defendant.** | : | |

## COMPLAINT

NOW COMES Plaintiff Terri Church (hereinafter, "Plaintiff") and proffers this Complaint for damages against Defendant The Pine Club, LLC (hereinafter, "Defendant").

## JURISDICTION AND VENUE

1. This action is brought pursuant to O.R.C. Chapter 4112, *et seq.*, Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., Ohio Minimum Fair Wage Standards Act, O.R.C. 4111 ("MFWSA" or "Chapter 4111"), Ohio Prompt Pay Act, O.R.C. § 4113.15("OPPA") (MFWSA and OPPA referred to collectively as the "Ohio Acts"), Ohio Constitution, Art. II, §34a (the "Ohio Constitution") (collectively Chapter 4111, OPPA, and the Ohio

Constitution will be referred to collectively as the "Ohio Wage Laws"), and 28 U.S.C. §1331.

2. This Court has federal question jurisdiction over this action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. This Court has jurisdiction over Plaintiff's State Law Claims pursuant to supplemental jurisdiction as codified at 28 U.S.C. § 1367.

4. Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Plaintiff entered into an employment relationship with Defendant in the Southern District of Ohio and performed her job duties there and Defendant is doing and has done substantial business in the Southern District of Ohio.

## THE PARTIES

5. Plaintiff Terri Church is an individual, a United States citizen, and a resident of the state of Ohio.

6. Plaintiff is a former employee, as defined by 29 U.S.C. § 203(e) and Chapter 4111, of Defendant. Plaintiff was employed by Defendant in a tipped position since 2011.

7. Plaintiff has evidenced her consent to bring this lawsuit by filing the attached Notice of Consent pursuant to 29 U.S.C. § 216(b). (See Exhibit A).

8. At all times relevant herein, Plaintiff was an "employee" of Defendant as that term is defined under the FLSA, O.R.C. Chapter 4111 *et seq.*, OPPA, and O.R.C. Chapter 4112 *et seq.*

9. Defendant, The Pine Club, LLC, is an Ohio limited liability company doing business in the Southern District of Ohio.

10. Upon information and belief, Defendant was engaged in interstate commerce and Defendant had an annual gross volume sales and/or business in an amount of not less than $500,000.00.

11. Upon information and belief, Defendant, at all times relevant hereto, was fully aware of the fact that it was legally required to comply with the wage and hour laws of the United States and of the State of Ohio.

12. During relevant times, Defendant had knowledge of and acted willfully in regards to its conduct described herein.

13. At all times relevant herein, Defendant was a covered "employer" as that term is defined under FLSA, O.R.C. Chapter 4111 *et seq.*, and O.R.C. Chapter 4112 *et seq.*

## FACTUAL BACKGROUND

14. Plaintiff began working for Defendant as a server in approximately July 2011. Plaintiff's employment ended at Defendant on or about October 9, 2019.

15. Throughout Plaintiff's employment, Defendant paid Plaintiff on an hourly basis when working in a non-exempt position as a server at cash wage rates less than the Federal and Ohio minimum wage.

16. At the time Defendant hired Plaintiff and throughout Plaintiff's employment, Defendant failed to notify Plaintiff of the required tip credit provisions prior to taking a tip credit.

17. On or about October 2, 2019, one of the bussers at Defendant, Tyler (LNU), asked Plaintiff if she "could keep a secret?" Tyler asked Plaintiff this while she was taking a smoke break behind the restaurant.

18. Plaintiff responded to Tyler's request by asking, "What do you want?" Tyler then said to Plaintiff, "Do you want to see a picture of my big dick?"

3

19. Plaintiff quickly responded to Tyler's statement by saying, "no," and became very upset.

20. Plaintiff took Tyler's request seriously given, among other reasons, Tyler dated a bartender at Defendant for quite a bit of time.

21. A few days later, Plaintiff called Defendant's General Manager, Karen Watson, to inform her about Tyler's comments from a few days prior.

22. Plaintiff was originally hesitant to raise this issue to Ms. Watson given that Tyler was her nephew, but Plaintiff had no choice because the situation kept bothering her some much.

23. During the call, Ms. Watson asked no details about Plaintiff's complaint regarding Tyler. Instead, Ms. Watson demanded that Plaintiff take a drug test.

24. A few hours after the call, Ms. Watson called Plaintiff to inform her that Defendant was suspending Plaintiff's employment, providing no explanation for Defendant's decision.

25. Approximately five days, while Plaintiff was still out on suspension, Defendant informed Plaintiff that her employment was terminated.

## COLLECTIVE ACTION ALLEGATIONS

26. Plaintiff brings this action on behalf of herself and all persons who were, are, or will be employed by Defendant in a tipped position for which a tip credit was applied while working for Defendant at any time within the three (3) years prior to the date this Complaint is filed through the date of the final disposition of this action (the "FLSA Period"), on behalf of herself and all persons who were, are, or will be employed in any tipped position for which a tip credit was, is, or will be applied.

4

27. This class has damages under the FLSA as a result of Defendant's policy which failed to inform its employees of the required tip credit provisions prior to taking a tip credit. See 29 U.S.C. § 203(m) and 29 C.F.R. § 531.59(b).

28. This FLSA claim is brought as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as claims for unpaid wages or withheld compensation violation of the FLSA, liquidated damages and attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous Similarly Situated Persons ("SSPs") have been denied proper compensation due to Defendant's payroll policies and practices. Plaintiff is representative of those other employees and is acting on behalf of their interests as well as her own in bringing this action.

29. These SSPs are known to Defendant and readily identifiable through Defendant's payroll records. These individuals may be readily notified of this action, and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for minimum wage compensation, liquidated damages, attorneys' fees, and costs under the FLSA.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION:
### FLSA – COLLECTIVE ACTION FOR FAILURE
### TO INFORM EMPLOYEES OF TIP CREDIT PROVISIONS

30. All of the preceding paragraphs are realleged as if fully rewritten herein.

31. This claim is brought as part of a collective action by Plaintiff on behalf of herself and other SSPs.

32. During the three years preceding the filing of this Complaint, Defendant employed Plaintiff and other SSPs.

33. Plaintiff and SSPs were paid on an hourly basis when working in non-exempt positions at cash wage rates less than the Federal and Ohio minimum wage.

34. Defendant knew or should have known of the tip credit provisions of the FLSA.

35. During the past three years, Defendant has knowingly and willfully failed to inform Plaintiff and the SSPs of the tip credit provisions prior to applying a tip credit.

36. As a direct and proximate result of Defendant's conduct, Plaintiff and the SSPs have suffered damages. Plaintiff seeks unpaid compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of themselves and all other SSPs.

## SECOND CAUSE OF ACTION:
## MINIMUM WAGE VIOLATIONS ON BEHALF
## OF PLAINTIFF AND SSPS

37. All of the preceding paragraphs are realleged as if fully rewritten herein.

38. During all times material to this Complaint, Defendant has been an "employer" within the meaning of O.R.C. § 4111.14(B) and has been required to comply with the Ohio Constitution's mandates.

39. During all times material to this Complaint, Plaintiff and the SSPs have been employees within the meaning of O.R.C. § 4111.14(B), and not otherwise exempt.

40. Article II, Section 34a of the Ohio Constitution permits an employer to take a "tip credit" to use towards satisfying their obligation of paying tipped employees the Ohio Constitution's establish minimum wage.

41. During all times material to this Complaint, Defendant has taken a tip credit without informing Plaintiff and the SSPs of the proper tip credit provisions.

42. Defendant, by applying the tip credit without informing Plaintiff and the SSPs of the proper tip credit provisions, violated Article II, Section 34a of the Ohio Constitution and were not eligible or permitted to apply a tip credit to Plaintiff's and the SSP's wages.

43. Accordingly, Defendant, by paying Plaintiff and the SSPs at a cash wage less than the Ohio minimum wage, violated Article II, Section 34a of the Ohio Constitution.

44. Defendant willfully and knowingly failed to pay Plaintiff and the SSPs the proper wages prior to providing the requisite tip credit disclosures.

### THIRD CAUSE OF ACTION
### VIOLATIONS OF THE OPPA ON BEHALF
### OF PLAINTIFF AND SSPS

45. All of the preceding paragraphs are realleged as if fully rewritten herein.

46. During all times material to this Complaint, Defendant has been an employer required to comply with the mandates of the OPPA, O.R.C. § 4113.15.

47. Plaintiff and the SSPs were employed by Defendant within the meaning of the OPPA, and were not otherwise exempt.

48. The OPPA requires that Defendant pay Plaintiff and the SSPs all wages owed, on or before the first (1st) day of each month for wages earned by them during the first (1st) half of the preceding month ending with the fifteenth (15th) day thereof, and, on or before the fifteenth (15th) day of each month, for wages earned by them during the preceding calendar month. See O.R.C. § 4113.15(A).

49. During all times material to this Complaint, because of Defendant's failure to compensate Plaintiff and the SSPs fully and properly for all work performed, Plaintiff and the SSPs

7

were not paid all wages earned within thirty (30) days of performing the work. See O.R.C. § 4113.15(B).

50. The Plaintiff's and SSP's earned minimum wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

51. In violating the OPPA, Defendant has acted willfully and with reckless disregard.

**FOURTH CAUSE OF ACTION**
**UNLAWFUL RETALIATION IN VIOLATION OF**
**O.R.C. § 4112 *ET SEQ.* ON BEHALF OF PLAINTIFF**

52. All of the preceding paragraphs are realleged as if fully rewritten herein.

53. Plaintiff was qualified to do her job because, among other reasons, she performed her duties without incident or complaint about her performance.

54. Plaintiff engaged in protected activity by, among other things, raising a complaint of sexual harassment in the workplace when she complained about Tyler's sexual comments towards her.

55. Plaintiff was subject to an adverse employment action when she was suspended from her position of employment and ultimately terminated by Defendant.

56. Plaintiff's termination is causally connected to her protected activities because, among other reasons, there is a close temporal proximity (i.e., days) between her termination and her most recent protected activity. Plaintiff also can establish a causal connection given that she was treated less favorably than similarly-situated employees who did not engage in protected conduct.

57. Plaintiff can establish that any stated reason for her termination was a pretext for retaliation because, among other reasons, Defendant's reason for termination lacks a basis in fact, Defendant's motivation for terminating Plaintiff was insufficient to warrant Plaintiff's

8

termination, and Defendant's stated reason for terminating Plaintiff was not the actual reason that Plaintiff was terminated.

58. As a result of Defendant's unlawful retaliation, Plaintiff has been damaged.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and all members of the FLSA Collective Action, pray for relief as follows:

A. Judgment that Defendant is liable to Plaintiff and the Collective Plaintiffs for the conduct described herein of Defendant;

B. Designation of this action as a collective action on behalf of the Ohio FLSA Collective members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Collective Action, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to join forms pursuant to 29 U.S.C. § 216(b);

C. An injunction prohibiting Defendants from engaging in future FLSA violations;

D. Lost minimum wages and improperly deducted monies to the fullest extent permitted under the law;

E. Liquidated damages, prejudgment interest, and monetary penalties to the fullest extent permitted under the law;

F. Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law;

G. Damages as set forth in OPPA;

    H. Treble damages, prejudgment interest, and monetary penalties to the fullest extent permitted under the law; and

    I. Such other and further relief as this Court deems just and proper

Respectfully submitted,

/s/ Bradley L. Gibson
Bradley L. Gibson (0085196), Trial Attorney
Angela J. Gibson (0080928)
**GIBSON LAW, LLC**
9200 Montgomery, Rd., Suite 11A
Cincinnati, OH 45242
brad@gibsonemploymentlaw.com
angela@gibsonemploymentlaw.com
513-834-8254 [T]
513-834-8253 [F]

*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff demands a jury trial by the maximum persons permitted by law on all issues herein triable to a jury.

/s/ Bradley L. Gibson
Bradley L. Gibson (0085196)