UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)

| | | |
|---|---|---|
| **TERRI CHURCH,** | : | **CASE NO. 3:20-CV-00135-WHR** |
| | : | |
| **PLAINTIFF, INDIVIDUALLY,** | : | (Judge Walter H. Rice) |
| **AND ON BEHALF OF OTHER** | : | |
| **MEMBERS OF THE GENERAL** | : | |
| **PUBLICSIMILARLY** | : | |
| **SITUATED,** | : | MEMORANDUM IN OPPOSITION TO |
| | : | PLAINTIFF'S AMENDED MOTION FOR |
| **VS.** | : | CLASS CERTIFICATION AND MOTION |
| | | FOR JUDGMENT ON THE PLEADINGS |
| **THE PINE CLUB, LLC** | | |
| Defendant. | | |

_____

Defendant, The Pine Club, LLC moves this Court, pursuant to Fed. R. Civ. P. 12(c), to

dismiss Plaintiff, Terri Church's Amended Motion for Conditional Class Certification Complaint

to the extent that it seeks relief as a Collective Action under 29 U.S.C. §216(b) of the Fair Labor

Standards Act (FLSA). As the Plaintiffs' Amended Complaint fails to properly plead a claim for

a Collective Action, the Plaintiffs' Motion for Conditional Class Certification should also be

denied. As the issues are closely connected, the Memorandum in Opposition to Plaintiff's

Conditional Class Certification and the Memorandum in Support of this Motion for Judgment on

the Pleadings have been combined below.

Respectfully submitted,

 s/ Jennifer D. Brumby
_____
Jennifer D. Brumby (0076440)
TAFT STETTINIUS & HOLLISTER LLP
40 N. Main Street, Suite 1700
Dayton, Ohio 45423
Phone: (937) 245-6857
Fax: (937) 228-2816
jbrumby@taftlaw.com
*Counsel for Defendant*

<u>**MEMORANDUM IN SUPPORT**</u>

**I.     INTRODUCTION**

Plaintiff's Amended Complaint, to the extent it seeks to assert a Collective Action under the FLSA, should be dismissed.  Plaintiff was required to plead more than conclusory allegations to support the FLSA claim.  *Bell Atlantic Corp. v. Twombly,* 505 U.S. 544 (2007).  A review of the Amended Complaint demonstrates that Plaintiff has only set forth conclusory allegations with facts supporting a Collective Action.

Even if the Collective Action claim is not dismissed, the Motion for Conditional Certification should be denied.  First, Plaintiff solely relies upon bare allegations in the Complaint, without evidence to support the assertion that a Collective Action exists.  No facts are pled which show there are other similarly situated persons ("SSP's"), beyond a bare assertion that such employees exist.  Additionally, Plaintiff's Notice is overly broad.  The Notice is not limited to tipped employees allegedly subjected to the same FLSA violation claiming that Defendant failed to provide them the notice requirements mandated FLSA, 29 U.S.C. § 203(m), while taking a "tip credit" towards satisfying Defendant's minimum wage obligations.  The Notice must be limited to tipped employees similarly situated to plead more than conclusory allegations to support the FLSA claim.  A review of the Amended Complaint demonstrates conclusory allegations with that would support a Collective Action.

**II.     FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff filed suit against Defendant alleging, among other things, violations of the Fair Labor Standards Act ("FLSA") and Ohio's Minimum Fair Wage Standards Act ("MFWSA") and retaliation. (See, Amended Complaint).  Plaintiff began working for Defendant in a tipped position in approximately July 2011.  See Declaration of Terri Church, ¶3 ("Dec. Church, ¶ ").  Plaintiff worked as a server. Id. at ¶4.  Plaintiff alleges at the time Plaintiff began working in a tipped

2

server position, Defendant advised Plaintiff that she would be paid an hourly rate and that she would receive tips. Id. Defendant advised Plaintiff that she would receive an hourly rate of $3.50, which was the hourly rate Defendant paid Plaintiff. Id. Plaintiff was advised this information from Defendant's General Manager, Karen Watson. Id. Ms. Watson provided Plaintiff no other information about Plaintiff's pay at that time. Id. As a result, Plaintiff alleges she and other unidentified tipped employees suffered damages, including unpaid wages.

Plaintiff first defines the proposed opt-in class as follows:

**All individuals currently or formerly employed by Defendant in a tipped server position for which a tip credit was applied at any time between April 9, 2017 and the date the Court order conditionally certifying the class.**

Plaintiff then makes the following conclusory allegations, regarding the tipped employees, which Plaintiff refers to as Similarly Situated Persons ("SSPs"):

> Plaintiff is similarly situated to the other Tipped Servers because they were all subject to Defendant's same unlawful policy of Defendant taking a tip credit without Defendant notifying the Tipped Servers of the Tipped Notice Requirements as required under 29 U.S.C. § 203(m). Plaintiff has presented sufficient evidence that Defendant's foregoing unlawful conduct was done a class-wide basis given her own personal experience, her participation in meetings with the other Tipped Servers, her receipt of company materials that were disseminated to her and the other Tipped Servers, and her discussions with the other Tipped Servers in which they informed her they were not provided the Tipped Notice Requirements. Plaintiff and the other Tipped Servers also are similarly situated because Defendant paid them all an hourly wage below the federal minimum wage of $7.25, taking a tip credit for the difference between the hourly wage Defendant paid the Tipped Servers and the federal minimum wage of $7.25 per hour.

(Plaintiff's Amended Motion for Conditional Class Certification, p.11).

After making the above conclusory allegations regarding Plaintiff's alleged similarities to other employees, Plaintiff directly contradicts her position as a representative plaintiff by also claiming in her Amended Complaint that she was engaged in protected activity by raising a

3

complaint of sexual harassment in the workplace when she complained about Tyler's sexual comments towards her and was subject to an adverse employment action when she was suspended from her position of employment and ultimately terminated by Defendant. (Amended Complaint at ¶74-75). Not only does Plaintiff generally distinguish herself from other tipped employees, but she specifically references tipped employees who are allegedly "similarly situated," to show the Court that she was treated differently than the class she purports to represent:

> **The other Tipped Servers who informed Plaintiff that Defendant did not inform them that Defendant was taking a tip credit included, but are not limited to, Holly l/n/u, Wanda l/n/u, Jamie l/n/u, Teresa l/n/u, and Linda l/n/u.**

(Plaintiff's Motion for Amended Class Certification, p. 6). Therefore, the face of Plaintiff's own Complaint shows she is not similarly situated to the alleged class, as Plaintiff was terminated from employment.

Plaintiff only presents conclusory allegations regarding other tipped employees. Plaintiff is unable to satisfy the modest factual burden to support the requested conditional certification. As such, Plaintiff's Collective Action claims must be dismissed and Plaintiff's Motion for Conditional Certification denied.

## III. LAW & ARGUMENT

### A.  PURSUANT TO *TWOMBLY*, THE PLAINTIFF'S COLLECTIVE ACTION CLAIM SHOULD BE DISMISSED.

#### 1.  Plaintiff Must Plead More Than Conclusory Negligence To Survive A Motion For Judgment On The Pleadings.

"Motions for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) are analyzed under the same de novo standard as motions to dismiss pursuant to Rule 12(b)(6)." *Albrecht v. Treon,* 617 F.3d 890, 893 (6th Cir. 2010), quoting *Sensations, Inc. v. City of Grand Rapids,* 526 F.3d 291, 295 (6th Cir. 2008). Courts must construe the complaint in a light most

favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint states a plausible claim for relief. *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009); *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007)).

The Sixth Circuit Court has applied the pleading requirements outlined in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), and *Ashcroft* to Rule 12(c) motions and held that plaintiffs must "plead . . . factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Albrecht*, 617 F.3d at 893 (citation and internal quotation marks omitted); see *New Albany Tractor, Inc. v. Louisville Tractor, Inc*., 650 F.3d 1046, 1049-51 (6th Cir. 2011). Merely pleading facts that are consistent with a defendant's liability or that permit the court to infer misconduct is insufficient to constitute a plausible claim. *Iqbal*, 129 S. Ct. at 1949-50; *Courie v. Alcoa Wheel & Forged Prods*., 577 F.3d 625, 629 (6th Cir. 2009). Therefore, when considering a Rule 12(c) motion, this Court "need not accept as true legal conclusions or unwarranted factual inferences." *Kottmyer v. Maas*, 436 F.3d 684, 689 (6th Cir. 2006).

### 2. <u>Since Plaintiff Has Only Pled Conclusory Allegations, the Collective Action Must be Dismissed.</u>

Dismissal of Plaintiff's collective action claim is required because Plaintiff fails to meet the *Twombly* standards. However, even before the Court can consider Plaintiff's request for conditional certification, the Court must determine whether Plaintiff's Amended Complaint states a plausible claim for relief" as a collective action under the FLSA. *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009); *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007)). The language of the FLSA's minimum wage and overtime compensation provisions must be properly alleged in

5

order to survive a motion to dismiss. *Jian Zhong v. August Corp.*, 498 F. Supp. 2d 625, 628 (S.D.N.Y. 2007). Furthermore, "where a plaintiff brings an FLSA claim 'for and in behalf of himself ... and other employees similarly situated,' the complaint should indicate who those other employees are, and allege facts that would entitle them to relief." *Id. quoting FLSA § 216(b)*.

In *Zhong*, the complaint referenced "others similarly situated," but these "others" were referenced only minimally in the body of the complaint itself. Id. at 631. The Federal District Court for the Southern District of New York dismissed the collective action claims, holding as follows:

> [T]o the extent that Zhong is attempting to signal an effort to initiate collective action certification by invoking the phrase "other similarly situated," Zhong has not met this standard. There is no reference made to a policy to which other employees are subject, or to any company policy at all. In fact, Zhong neither generally nor specifically references any other plaintiffs. Thus, Zhong has not offered August sufficient notice of this aspect of his claim, or factual basis from which the Court can determine whether similarly situated plaintiffs do exist. In the absence of such detail, the Court finds that Zhong has not sufficiently alleged an action on behalf of others similarly situated.

*Id*.

Similarly, in *Pickering v. Lorillard Tobacco Co.,* 2011 U.S. Dist. LEXIS 3647 (M.D. Ala. 2011), the Federal District Court dismissed the Plaintiffs Collective Action under Rule 12(b)(6). Id. The Court in Pickering determined there were no descriptions of the job duties or pay provisions of the proposed similarly situated employees in the Complaint. Id. at *6. Rather, the "[p]laintiff merely seeks relief on behalf of 'all similarly situated employees." Id. The Court held that this constituted "a legal conclusion and, absent some factual elaboration, is insufficient to satisfy *Twombly* and *Iqbal*'s pleading bar." Id*. at *7, quoting *Iqbal*, 129 S. Ct. at 1949 ("One of the 'working principles under[lying] [the] decision in *Twombly*' is 'that the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal

conclusions.'"). The Federal District Court then held: "[T]he Complaint contains no factual basis by which to assess whether Plaintiff and the other employees are similarly situated. In the absence of any detail, Plaintiff has not sufficiently alleged an action on behalf of others similarly situated." Id. at *7.

The Amended Complaint at issue in this case is an example of what *Twombly* seeks to prevent. For example, Plaintiff merely sets forth a conclusory allegation with respect to herself and the SSP's. No job duties are mentioned. There is simply nothing from which a Court can reasonably conclude that both Plaintiff and the SSP's had the same job duties, same work roles, etc. *Pickering, supra* at * 7.

Likewise, the Complaint seeks to utilize the 3-year statute of limitations period and also seeks statutory damages, which require willful action and a lack of good faith. 29 U.S.C. § 255(a); *Reich v. Lapatisserie, Inc.,* 1994 U.S. App. Lexis 6608 (6th Cir. 1994). The Amended Complaint does not, however, allege any facts which demonstrate that Plaintiff and the SSP's were subject to willful action and the Defendant lacked good faith. Nothing pled by Plaintiff demonstrates any type of willful action for the SSPs. Plaintiff further asserts no facts beyond her own alleged experience –that Defendant's foregoing unlawful conduct was done a class-wide basis.

Taken as a whole, Plaintiff's Amended Complaint is a compilation conclusory statements that various bad deeds occurred, without facts to support them. Plaintiff attempts to use this conclusory Amended Complaint to gain access, for a 3-year period, of payroll records for all of Defendant's employees as well as those employees' contact information. *Twombly* is clear that more is required before a Collective Action can proceed. Thus, the collective action claims should be dismissed.

**B.** **THE CONDITIONAL MOTION FOR CERTIFICATION SHOULD BE DENIED BECAUSE THERE IS NO EVIDENCE THAT PLAINTIFF IS SIMILARLY SITUATED.**

**1.** **Plaintiff Has Not Submitted Evidence That She Is Similarly Situated.**

Plaintiff has moved for conditional certification of a Collective Action based upon the bare allegations of her Amended Complaint. The Plaintiff's sole goal in seeking conditional certification is to obtain access to names of employees. Solicitation is obviously a concern. Because the bare allegations in the Amended Complaint, alone, are insufficient to allow a conditional certification, the Motion should be denied.

A plaintiff bringing a collective action for similarly situated persons under the FLSA must show: "the plaintiff is actually "similarly situated." *Snide v. Disc. Drug Mart, Inc*., 2011 U.S. Dist. LEXIS 133736 (N.D. Ohio Oct. 7, 2011), quoting *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 545 (6th Cir. 2006). In order to proceed as a collective action, a plaintiff must make a "modest <u>factual</u> showing" that the named plaintiff's position is similar to that of other employees. *Lacy v. Reddy Electric Co.*, 2011 U.S. Dist. LEXIS 142050, *5 (S.D. Ohio 2011). A plaintiff cannot rely upon conclusory allegations that she is similarly situated, and must set forth "<u>specific</u> allegations concerning those other employees." *Id.* at *12.

In the initial phase, the Court must first consider the following factors in making its determination of whether a plaintiff can proceed with a collective action under the FLSA: (1) whether potential plaintiffs were identified; (2) whether affidavits of potential plaintiffs were submitted; and, (3) whether evidence of a "widespread" discriminatory plan affecting those plaintiffs was maintained by the Defendant. *Snide v. Disc. Drug Mart, Inc*., 2011 U.S. Dist. LEXIS 133736 (N.D. Ohio 2011). Unsupported allegations that FLSA violations are widespread and that additional plaintiffs exist are insufficient to meet a plaintiff's burden. Id.

In *Snide*, the court only allowed the collective action to proceed after the plaintiff specifically identified two other potential plaintiffs, and these other plaintiffs submitted sworn affidavits that they similarly worked off of the clock. Id. at 12. These potential plaintiffs also stated in their affidavits that they personally witnessed other non-exempt employees working off the clock. Id. In *Murton v. Measurecomp, LLC*, 2008 U.S. Dist. LEXIS 108060, 14-16 (N.D. Ohio June 9, 2008), conditional certification was only granted after Plaintiff and a co-worker submitted affidavit testimony that they worked overtime, Plaintiff submitted the deposition testimony of a second co-worker who described a similar work schedule and Plaintiff offered evidence of a letter and check sent by his employer acknowledging the possibility that certain employees worked overtime for which they were not compensated. Only under those circumstances was the Court satisfied the plaintiff met his burden of establishing that he and the proposed class were, at least potentially, subject to a company-wide policy that violated the FLSA. See also, *Williams v. Le Chaperon Rouge*, No. 1:07-CVV-829, 2007 U.S. Dist. LEXIS 59338, 2007 WL 2344738, at *3 (N.D. Ohio Aug. 14, 2007) (factual showing satisfied by submission of affidavit of one employee situated similarly to plaintiff corroborating allegations of complaint plus employee handbook containing possible evidence of widespread FLSA violations).

It is evident from these cases that something more than a plaintiff's bare allegations must be presented to justify conditional certification. Here, the Plaintiff set forth the fact based standard for conditional certification and as this Court to rely solely on her self-serving allegations. She has not offered any affidavits of other employees or offered substantial evidence, beyond bare conclusory allegations in the Amended Complaint, to support the Motion for Conditional Certification. This alone mandates that the Motion should be denied.

It is simply well established that bare allegations in a Complaint, without something more, are not sufficient. *Lacy v. Reddy Electric Co.,* 2011 U.S. Dist. LEXIS 142050, *5 (S.D. Ohio 2011). In *Lacy,* the plaintiffs alleged a class that included "all current and former apprentice and journeyman electricians who worked in excess of 40 hours per week and were not compensated for overtime work." *Id.* at *10-11.  The allegations in *Lacy* are very similar to the allegations of the present case. *Id.* at *10-12. In *Lacy,* there were no specific allegations concerning other employees in the complaint.  Significantly, the conditional certification was only granted based upon additional evidence that was set forth in deposition testimony. *Id.* at *15. In that deposition, the plaintiff provided specific instances, involving other employees, to demonstrate that the plaintiff was similarly situated. *Id.* at *12. Absent this actual evidence, the Court's decision in *Lacy* is clear that the conditional certification would have been denied. *Id.* at *12-15.

Additionally, in *Harrison v McDonald's Corp.,* 411 F. Supp. 2d 862 (S.D. Ohio 2005), the court held that "conditional certification should not be granted unless the plaintiff presents some <u>evidence</u> to support her allegations that others are similarly situated." *Id.* at 868. (Emphasis added). The Court went on to explain that "In order to establish that other employees are similarly situated, Plaintiff must show that, like her, they were not paid all of the wages to which they were entitled." *Id.* The Court ultimately held the plaintiff offered nothing more than speculation regarding other employees:

> Plaintiff has offered nothing but speculation to support her belief that other McDonald's employees were not paid all of the money to which they were entitled. Therefore, in the Court's view, there is no basis for granting Plaintiff's motion for authority to notify putative plaintiffs about the pendency of this action or their right to opt-in to this action. See *Haynes v. Singer Co., Inc*., 696 F.2d 884, 887 (11th Cir. 1983)(counsel's unsupported allegations of widespread FLSA violations were insufficient to justify notice to others); *H & R Block, Ltd. v. Housden*, 186 F.R.D. 399, 400 (E.D. Tex. 1999)(conclusory allegations

contained in affidavits were insufficient to satisfy burden of showing that others were similarly situated).

*Id*. at 871, (emphasis added).

The same facts are present here. Plaintiff has offered nothing to show this was a company-wide policy, beyond mere conclusory allegations. There is nothing in the pleadings, or attached to the Motion for Conditional Certification, which establishes anywhere near the factual support necessary for notices to be sent out to every tipped employee who was employed by Defendant for the last three years. As such, the Motion should be denied.

### 2. **Plaintiff's Individual Retaliatory Discharge Allegations Show She is Not Similarly Situated to Other Tipped Employees.**

Plaintiff's Amended Complaint expressly states that Plaintiff is not similarly situated based upon her distinct individual retaliatory discharge claim. Plaintiff distinguishes herself from the rest of the alleged class by making an individual claim against Defendant asserting that she was terminated for reporting alleged harassing behavior about Ms. Watson's nephew in violation of Ohio Revised Code § 4112. (Complaint at Count IV). Not only does Plaintiff generally distinguish herself from other tipped employees, but she specifically states that she was treated differently:

74.    Plaintiff engaged in protected activity by, among other things, raising a complaint of sexual harassment in the workplace when she complained about Tyler's sexual comments towards her.

75.    Plaintiff was subject to an adverse employment action when she was suspended from her position of employment and ultimately terminated by Defendant.

76.    Plaintiff's termination is causally connected to her protected activities because, among other reasons, there is a close temporal proximity (i.e., days) between her termination and her most recent protected activity. Plaintiff also can establish a causal connection given

that she was treated less favorably than similarly-situated employees who did not engage in protected conduct. Finally, Plaintiff can establish a causal connection given that Defendant treated her less favorably after she engaged in protected activity compared to how Defendant treated her prior to engaging in protected conduct.

77.     Plaintiff can establish that any stated reason for her termination was a pretext for retaliation because, among other reasons, Defendant's reason for termination lacks a basis in fact, Defendant's motivation for terminating Plaintiff was insufficient to warrant Plaintiff's termination, and Defendant's stated reason for terminating Plaintiff was not the actual reason that Plaintiff was terminated.

 (Plaintiff's First Amended Complaint at ¶ 74-77).   Therefore, Plaintiff's own Amended Complaint alleges Plaintiff was treated differently than another tipped employees Plaintiff is attempting to represent through a collective action.  A Plaintiff who claims to had been treated differently than other employees based upon her employment status, cannot be a representative Plaintiff for all employees of the Defendant.  Plaintiff is clearly not a representative member of the potential class and is not similarly situated. Thus, the Motion for Conditional Certification must be denied.

### 3.   Plaintiff Has Failed to Sufficiently Plead a Collective Action Based Upon a Willful Violation.

 Violations of the FLSA have a two-year statute of limitations unless a willful violation is shown, which extends the statute of limitations to 3 years. 29 U.S.C. § 255. Further, unless the employer acted in good faith, a plaintiff is entitled to double damages. *Reich v. Lapatisserie, Inc.,* 1994 U.S. App. Lexis 6608 (6th Cir. 1994). The Plaintiff claims that she is entitled to both three years' worth of damages. (Complaint at ¶55). However, Plaintiff fails to cite any facts which

demonstrate that the SSPs are entitled to three years of wages.  As set forth above, in the discussion of the *Twombly* analysis, there are no facts shown that the alleged conduct with respect to the SSPs was of a nature which would entitle the SSPs to three years of damages and statutory double damages.  Without such evidence - given the Plaintiff's assertion that she is entitled to these damages - certification cannot be granted because the Plaintiff is not similarly situated to the class she is attempting to represent. See *Lacy, supra; Harrison, supra*.

### D. <u>PLAINTIFF'S PROPOSED NOTICE IS OVERLY BROAD AND NOT LIMITED TO THE ALLEGED SIMILARLY SITUATED PERSONS.</u>

Based upon Plaintiff's failure to sufficiently allege an action on behalf of other similarly situated employees, and in the interest of judicial efficiency, Defendant reserves the right to file objections to the proposed Notice attached to Plaintiff's Motion for Conditional Certification, should the Court deny Defendant's Motion to Dismiss.  Without waiving additional objections, should the court grant conditional certification, Defendant opposes the breadth of Plaintiff's proposed Notice. Plaintiff attempts to include all individuals currently or formerly employed by Defendant in a tipped server position for which a tip credit was applied at any time between April 9, 2017 and the date the Court order conditionally certifying the class**,** in the proposed Notice. (See Notice attached to Plaintiff's Motion for Conditional Certification). As set forth above, however, any Notice must be limited to similarly situated tipped employee, which would only include only tipped employees who were not informed of the tip credit provisions of the FLSA, prior to Defendant taking the tip-credit.  Any notice must be limited to only those tipped employees that fall under this alleged similar situation. See *Lacy, supra*, at * 15-16.  Therefore, because Plaintiff's allegations are based upon allegations of Defendant willfully failing to inform tipped employees of the tip credit provisions, any tipped employees who were informed of the tip-credit provisions would not be similarly situated to Plaintiff.

13

## IV. CONCLUSION

The Plaintiff's Motion is an attempt to obtain payroll records from the Defendant so that employees can be solicited under the guise of a "collective action." Because the Plaintiff has not set forth facts demonstrating there are similarly situated tipped-employees who were not notified of the tip-credit provision pursuant to the FLSA, Plaintiff's collective action claims should be dismissed and the Motion for Conditional Certification denied.

Respectfully submitted,

s/ Jennifer D. Brumby

Jennifer D. Brumby (0076440)
TAFT STETTINIUS & HOLLISTER LLP
40 N. Main Street, Suite 1700
Dayton, Ohio 45423
Phone: (937) 245-6857
Fax: (937) 228-2816
jbrumby@taftlaw.com
*Counsel for Defendant*