IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| TERRI CHURCH, individually and on behalf of others similarly situated, | : | |
| Plaintiff, | : | Case No. 3:20-cv-135 |
| v. | | JUDGE WALTER H. RICE |
| THE PINE CLUB, LLC, | : | |
| Defendant. | | |

DECISION AND ENTRY OVERRULING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS (DOC. #10); OVERRULING PLAINTIFF'S AMENDED MOTION FOR CONDITIONAL CLASS CERTIFICATION AND COURT-SUPERVISED NOTICE TO POTENTIAL OPT-IN PLAINTIFFS (DOC. #9) WITHOUT PREJUDICE TO REFILING WITHIN 60 DAYS

On behalf of herself and others similarly situated, Plaintiff Terri Church filed suit against her former employer, The Pine Club, LLC, alleging violations of the Fair Labor Standards Act ("FLSA"), the Ohio Minimum Fair Wage Standards Act, and the Ohio Prompt Pay Act. On behalf of herself only, she also asserts a claim of unlawful retaliation in violation of Ohio Revised Code Chapter 4112.

This matter is currently before the Court on Plaintiff's Amended Motion for Conditional Class Certification and Court-Supervised Notice to Potential Opt-In Plaintiffs, Doc. #9, and on Defendant's Motion for Judgment on the Pleadings, Doc. #10.

I.   Background and Procedural History

In 2011, Plaintiff Terri Church was hired as a server at The Pine Club, a restaurant in Dayton, Ohio. At that time, General Manager Karen Watson informed her that she would receive an hourly wage of $3.50. Over the years, Church's hourly wage increased to $4.30. She also received tips from her customers.

In October of 2019, Karen Watson's nephew, Tyler, who also worked at the restaurant, allegedly asked Church if she could keep a secret. He then allegedly asked her if she wanted to "see a picture of [his] big dick." She quickly told him no. A few days later, she reported Tyler's conduct to Karen Watson. Watson responded by demanding that Church take a drug test. A few hours later, Church was suspended and, five days later, her employment with The Pine Club was terminated.

On April 9, 2020, Church filed suit against The Pine Club on behalf of herself and other tipped servers at the restaurant. Doc. #1. After Defendant filed a Motion to Dismiss for Failure to State a Claim, Doc. #4, Plaintiff responded by filing a First Amended Complaint, Doc. #5.[1]

In her First Amended Complaint, she alleges that Defendant violated federal and state wage laws. During the relevant time period, the federal minimum wage was $7.25 per hour. There is, however, an exception in the FLSA for "tipped

---

[1] The Motion to Dismiss was rendered moot by the filing of the First Amended Complaint, which superseded the pleading that was the subject of that motion.

2

employees." *See* 29 U.S.C. § 203(m)(2)(A). Employers must pay tipped employees a base hourly wage of at least $2.13. Employers may then take a "tip credit" of up to $5.12 per hour to meet the minimum wage obligations. *Id.* However, this tip credit is available only if the employer first informs the employee of the provisions of § 203(m)(2)(A). *Id. See also* 29 C.F.R. § 531.59(b) ("an employer is not eligible to take the tip credit[,] unless it has informed its tipped employees in advance of the employer's use of the tip credit[,] of the provisions of section 3(m)(2)(A) of the Act.").

Counts I, II and III of the First Amended Complaint are brought as Collective Action claims on behalf of Plaintiff and others similarly situated. In Count I, Church alleges that The Pine Club violated the FLSA by taking the tip credit without first notifying the tipped employees of these provisions. She maintains that, because The Pine Club took the tip credit even though it was not eligible to do so, it violated federal and state minimum wage laws by not paying its tipped servers $7.25 per hour. In Count II, Church alleges that this conduct violated Article II, Section 34a of the Ohio Constitution, and in Count III, she alleges that The Pine Club violated Ohio's Prompt Pay Act, O.R.C. § 4113.15(B), by failing to pay her and other tipped servers all wages earned within 30 days of performing the work. Count IV, which is not part of the Collective Action, alleges unlawful retaliation against Church in violation of O.R.C. Chapter 4112.

This matter is currently before the Court on Plaintiff's Amended Motion for Conditional Class Certification and Court-Supervised Notice to Potential Opt-In

3

Plaintiffs. Doc. #9.[2] Defendant filed its Memorandum in Opposition, along with a Motion for Judgment on the Pleadings, Doc. #10. Plaintiff then filed her Reply, Doc. #11. In its Motion for Judgment on the Pleadings, Defendant argues that, because the Amended Complaint is too conclusory to state a plausible Collective Action claim, the Amended Motion for Conditional Class Certification must be denied. As such, the Court will turn first to the Motion for Judgment on the Pleadings.

II.   **Defendant's Motion for Judgment on the Pleadings (Doc. #10)**

Pursuant to Fed. R. Civ. P. 12(c), the Pine Club asks the Court to dismiss Counts I, II and III, the Collective Action claims asserted in the First Amended Complaint. Doc. #10.

   A.   **Fed. R. Civ. P. 12(c)**

Motions for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) are analyzed under the same standard as motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Warrior Sports, Inc. v. National Collegiate Athletic Ass'n*, 623 F.3d 281, 284 (6th Cir. 2010). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase*

---

[2] The Amended Motion is substantially similar to the original Motion for Conditional Class Certification, which was filed just twelve days earlier. Doc. #7.

4

*Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (internal citation and quotation marks omitted). However, the court need not accept as true legal conclusions or unwarranted factual inferences. *Id.* (citing *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999)).

To withstand a Rule 12(c) motion for judgment on the pleadings, "a complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory." *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007).  "The factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, *i.e.*, more than merely possible." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).  A "legal conclusion couched as a factual allegation" need not be accepted as true, nor are recitations of the elements of a cause of action sufficient. *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

While the allegations in the complaint are the primary focus in assessing a Rule 12(c) motion, "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint[ ] also may be taken into account." *Barany–Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008) (quoting *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)).

5

B.  Analysis

The FLSA permits an employee to bring a collective action on behalf of herself "and other employees similarly situated" for damages stemming from violations of the FLSA's minimum wage provisions. 29 U.S.C. § 216(b). In its Motion for Judgment on the Pleadings, Defendant argues that the factual allegations set forth in the First Amended Complaint are too conclusory to support a plausible collective action claim for relief under the FLSA.[3]

Defendant argues that the Complaint in a collective action must "indicate who those other employees are, and allege facts that would entitle them to relief." *Zhong v. August August Corp.*, 498 F. Supp.2d 625, 628 (S.D.N.Y. 2007). In *Zhong*, the court dismissed without prejudice collective action claims where the allegedly similarly-situated employees were only minimally referenced in the body of the complaint, and where the complaint made no reference "to a policy to which other employees are subject, nor to any company policy at all." *Id.* at 631.

Defendant also relies on *Pickering v. Lorillard Tobacco Co.*, No. 2:10cv633, 2011 U.S. Dist. LEXIS 3647 (M.D. Ala. Jan. 13, 2011), in which the court found that the complaint "contains no factual basis by which to assess whether Plaintiff

---

[3] The Court rejects Plaintiff's argument that the Motion for Judgment on the Pleadings is procedurally improper. Plaintiff objects because this motion was included in Defendant's Memorandum in Opposition to the Amended Motion for Class Certification. Plaintiff argues that, because the Court had established an abbreviated briefing schedule on the Amended Motion for Class Certification, she had only eight days to respond to the Motion for Judgment on the Pleadings. Plaintiff, however, could have sought an extension of time to respond to that dispositive motion.

6

and the other employees are similarly situated." *Id.* at *7. The court noted that the complaint contained no description of the job duties, job titles, or pay provisions of the other employees who were allegedly similarly situated. *Id.* at *6.

*Zhang* and *Pickering* are legally distinguishable from Church's case, because courts within the Sixth Circuit have not required "extensively detailed factual pleading" of FLSA claims. *See Roberts v. Corrections Corp. of Am.*, No. 3:14cv2009, 2015 WL 3905088, at *7 (M.D. Tenn. June 25, 2015) (collecting cases). At the pleading stage, there is no need to specifically identify the similarly-situated employees. The relevant question is whether the complaint "contains factual allegations of the *prima facie* elements of the FLSA claim." *Id.* at *8.

*Zhang* and *Pickering* are also factually distinguishable from Church's case. Church's First Amended Complaint is sufficient to put Defendant on notice that she intends to pursue a Collective Action on behalf of herself and all non-exempt employees who were employed by The Pine Club in a "tipped position," and who were not informed of the provisions of 29 U.S.C. § 203(m) before the restaurant took the tip credit. Doc. #5, PageID#34.

Unlike the plaintiff in *Zhang*, Church has alleged that the violations of federal and state law were the result of Defendant's "payroll policies and practices." *Id.* She further alleges that the class "has damages under the FLSA as a result of Defendant's policy which failed to inform its employees of the required tip credit provisions prior to taking a tip credit." *Id.* These allegations are not conclusory. Plaintiff has alleged facts supporting a plausible claim that she and the other tipped

7

servers at The Pine Club are entitled to damages based on Defendant's alleged violations of the FLSA.

Defendant further argues that Plaintiff has failed to allege facts showing that the Pine Club acted willfully, such that the FLSA's three-year statute of limitations would apply. *See* 29 U.S.C. § 255(a) (establishing a two-year statute of limitations for violations of the FLSA, but extending the statute of limitations to three years for a "willful violation"). Plaintiff, however, alleges that Defendant "knew or should have known of the tip credit provisions of the FLSA" and "knowingly and willfully failed to inform Plaintiff and the [similarly-situated persons] of the tip credit provisions prior to applying a tip credit." Doc. #5, PageID#35. These allegations of willfulness are sufficient to withstand the Motion for Judgment on the Pleadings.

The Court finds that the factual allegations contained in Counts I, II and III of the First Amended Complaint are sufficient to state plausible Collective Action claims under federal and state wage laws. The Court therefore OVERRULES Defendant's Motion for Judgment on the Pleadings, Doc. #10.

### III. Plaintiff's Amended Motion for Conditional Class Certification and Court-Supervised Notice to Potential Opt-In Plaintiffs (Doc. #9)

The Court turns next to Plaintiff's Amended Motion for Conditional Class Certification and Court-Supervised Notice to Potential Opt-In Plaintiffs, Doc. #9.

8

### A. Relevant Law

As previously noted, the FLSA permits an employee to maintain an action against an employer on behalf of similarly-situated employees. 29 U.S.C. § 216(b). However, in contrast to the "opt out" procedures governing some class actions, as set forth in Federal Rule of Civil Procedure 23, the FLSA contains an "opt in" procedure. The statute provides that "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing . . . and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b).

The Supreme Court has held that, in order to help identify similarly-situated employees and notify them of their right to "opt in," district courts may facilitate discovery of the names and addresses of those employees and may monitor preparation and distribution of the notice of the collective action. *Hoffman-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 169-72 (1989). Nevertheless, because of the potential for abuse, the court must be careful to guard against "the 'stirring up' of litigation through unwarranted solicitation." *Severtson v. Phillips Beverage Co.*, 137 F.R.D. 264, 266-67 (D. Minn. 1991).

Therefore, prior to authorizing such notification, the court must determine "whether plaintiffs have shown that the employees to be notified are, in fact, 'similarly situated.'" *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006). Because this inquiry usually takes place at the beginning of discovery, the standard for conditional certification of a collective action is "fairly lenient." Courts generally require only a "modest factual showing" that the plaintiff's position is

9

similar to the positions held by the putative class members. *Id.* at 546-47 (quoting *Pritchard v. Dent Wizard Int'l*, 210 F.R.D. 591, 595 (S.D. Ohio 2002), and *Moriskey v. Public Serv. Elec. & Gas Co.*, 111 F. Supp.2d 493, 497 (D.N.J. 2000)).

Conditional certification is meant only to aid in identifying similarly situated employees. It is not a final determination that the case may proceed as a collective action. After the opt-in forms have been filed and discovery is complete, a defendant may file a motion for decertification. At that point, the court examines with much stricter scrutiny the question of whether these other employees are, in fact, similarly situated to the plaintiff. *Comer*, 454 F.3d at 546-47.

### B. Discussion

In this case, Plaintiff asks the Court to conditionally certify the following FLSA class:

> **All individuals currently or formerly employed by Defendant in a tipped server position for which a tip credit was applied at any time between April 9, 2017 and the date [of] the Court order conditionally certifying the class.**

Plaintiff also asks the Court to approve the proposed Notice to Potential Opt-In Plaintiffs, implement procedures for its dissemination, and direct Defendant to identify all potential opt-in plaintiffs within 14 days.

In its Memorandum in Opposition to Plaintiff's Amended Motion for Class Certification, Defendant argues that Plaintiff's motion must be denied because she

10

has failed to make even a "modest factual showing" that she is similarly situated to the other tipped servers.

As the Sixth Circuit explained in *O'Brien v. Ed Donnelly Enterprises, Inc.*, 575 F.3d 567 (6th Cir. 2009), *abrogated on other grounds by Campbell-Ewald Co. v. Gomez*, 577 U.S. 153 (2016), a plaintiff may show that she is similarly situated to other putative class members "when they suffer from a single, FLSA-violating policy, and when proof of that policy or of conduct in conformity with that policy provides a violation as to all the plaintiffs." *Id.* at 584.  "[R]epresentative testimony from a subset of plaintiffs" could be evidence that such a policy exists.  *Id.*

At the conditional certification phase, a plaintiff must present "some evidence to support her allegations that others are similarly situated."  *Harrison v. McDonald's Corp.*, 411 F. Supp.2d 862, 868 (S.D. Ohio 2005) (Holschuh, J.).  Conclusory allegations that others are similarly situated will not suffice.  Courts often consider whether other potential plaintiffs are identified, whether affidavits of other potential plaintiffs have been submitted, and whether there is evidence of a widespread policy that violates the FLSA.  *Myers v. Marietta Mem. Hosp.*, 201 F. Supp. 3d 884, 890 (S.D. Ohio 2016) (Marbley, J.).  The Court finds that, at this stage, Plaintiff has failed to make even a "modest factual showing" that she is similarly situated to the putative class members.

In her Declaration, Plaintiff states that, during the last three years of her employment at The Pine Club, she worked with approximately ten other tipped servers, including Jamie, Holly, Candy, Wanda, Teresa, Linda and Cheryl.  Doc. #9-

11

1, PageID#98.  Plaintiff maintains that they openly discussed the fact that the hourly wage that they received fell below the federal minimum wage of $7.25 per hour.  *Id.*  Plaintiff further states that, although Defendant held meetings with the tipped servers to discuss their personal tax obligations stemming from the tips they received, Defendant never discussed the FLSA's tip credit at these meetings.  *Id.*  Likewise, nothing in the Employee Handbook or on Plaintiff's monthly pay stubs mentions the tip credit being taken by Defendant.  *Id.* at PageID#99.

Plaintiff's Declaration then states that "[t]he other Tipped Servers informed me that Defendant never informed them that Defendant was taking a tip credit against Defendant's minimum wage obligation owed to me and the other Tipped Servers."  She identifies Holly, Wanda, Jamie, Teresa and Linda as the employees who told her this.  *Id.*  Plaintiff, however, has submitted no affidavits or sworn declarations from any of these other tipped servers.

Plaintiff's statement about what those other servers told her is inadmissible hearsay, [4] and cannot be considered in evaluating her motion for conditional certification.  *See Harrison*, 411 F. Supp.2d at 866 ("hearsay statements cannot be considered in connection with a Plaintiff's § 216(b) motion for the purpose of determining whether other employees are similarly situated.").

---

[4]  Hearsay is an out-of-court statement made by someone other than the declarant, offered to prove the truth of the matter asserted.  Fed. R. Evid. 801(c).

Courts typically require a sworn statement from at least *one other employee* to support a finding that the plaintiff is similarly situated to other putative class members. *See, e.g., Nazih v. Café Istanbul of Columbus, LLC*, No. 2:17-cv-947, 2018 U.S. Dist. LEXIS 154283, at **7-8 (S.D. Ohio Sept. 11, 2018) (Marbley, J.) (conditionally certifying "tip credit" class based on affidavits of plaintiff and one other employee); *Murton v. Measurecomp, LLC*, No. 1:07cv3127, 2008 U.S. Dist. LEXIS 108060, at **14-15 (N.D. Ohio June 9, 2008) (conditionally certifying collective action based on affidavits of plaintiff and one other employee); *Snide v. Discount Drug Mart, Inc.*, No. 1:11cv244, 2011 U.S. Dist. LEXIS 133736, at *12 (N.D. Ohio Oct. 7, 2011) (conditionally certifying limited collective action based on statements by plaintiff and two others who submitted sworn statements that they were subjected to the same violations as plaintiff); *Myers*, 210 F. Supp.3d at 895 (holding that affidavits of the three named plaintiffs were sufficient to show that they were similarly situated to putative class members).

As Judge Marbley noted in *Myers*, some courts are willing to consider inadmissible evidence in ruling on motions for conditional certification because, at this stage of the litigation, no discovery has yet taken place, and the plaintiff likely has no access to the contact information of other potential plaintiffs, making it difficult to obtain their sworn statements.  210 F. Supp.3d at 893.

Notably, *Myers* involved claims that the employer automatically deducted thirty minutes for meal breaks even though employees were rarely able to take an uninterrupted thirty-minute lunch hour.  Plaintiffs' affidavits stated that other

13

employees who were subject to the automatic deduction were also prevented from taking uninterrupted meal breaks. The court found that, even if it was not appropriate to consider this inadmissible hearsay, it was reasonable to infer that the plaintiffs had personal knowledge of the alleged widespread violations, given that they would have regularly observed their coworkers clocking in and clocking out. *Id.* at 893-94.

In contrast, in this case, it is unlikely that Plaintiff would have been privy to any conversations that Defendant may have had with other tipped servers, at the time they were hired, concerning their hourly wage and any tip credit that Defendant planned to take. Rather than relying on her personal knowledge of whether Defendant gave these other servers the required notice, she is relying solely on what they allegedly told her.

Proof that Defendant failed to inform Terri Church of the provisions of 29 U.S.C. § 203(m)(2)(A) prior to taking the tip credit does not prove that Defendant failed to do the same with respect to any other putative class member. Absent the affidavit or declaration of at least one other tipped server at The Pine Club to support a finding that Defendant had a *policy* of taking the tip credit without complying with the statute's notice provision, Plaintiff is unable to satisfy her burden of making even a "modest factual showing" that she is similarly situated to the other tipped servers at The Pine Club.

Accordingly, the Court OVERRULES her Amended Motion for Conditional Class Certification and Court-Supervised Notice to Potential Opt-In Plaintiffs, Doc.

#9.[5] Nevertheless, the Court does so WITHOUT PREJUDICE to renewal following the conclusion of a 60-day period of *limited* discovery. Within 14 days of the date of this Decision and Entry, Defendant shall provide to Plaintiff's counsel the last names, last known addresses and last known email addresses *of those individuals identified in paragraph 10 of Plaintiff's affidavit* as the five tipped servers who allegedly told Plaintiff that Defendant did not inform them about the tip credit either, *i.e.,* Holly, Wanda, Jamie, Teresa and Linda, Doc. #9-1, PageID#99.

If, within this 60-day period of limited discovery, Plaintiff can provide additional support for her claim that she is similarly-situated to the other tipped servers, she may file a Second Amended Motion for Conditional Class Certification and Court-Supervised Notice to Potential Opt-In Plaintiffs. If not, the case will proceed on any of her individual claims.

IV. Conclusion

For the reasons set forth above, the Court OVERRULES Defendant's Motion for Judgment on the Pleadings, Doc. #10.

---

[5] Defendant also argues that Plaintiff cannot show that she was similarly situated to other tipped servers given that she also alleges that Defendant retaliated against her by suspending her and then terminating her after she complained to Karen Watson about Tyler's sexual comments. Plaintiff's individual claim of retaliation, however, has absolutely no impact on the question of whether Plaintiff was similarly situated to other tipped servers during the term of her employment with respect to Defendant's alleged failure to notify all of them about the tip credit provisions of the FLSA.

The Court OVERRULES Plaintiff's Amended Motion for Conditional Class Certification and Court-Supervised Notice to Potential Opt-In Plaintiffs, Doc. #9, WITHOUT PREJUDICE to renewal within 60 days. Within 14 days of the date of this Decision and Entry, Defendant shall provide contact information to Plaintiff's counsel concerning the five individuals named in paragraph 10 of Plaintiff's Declaration.

Date: July 15, 2021

*/s/ Walter H. Rice* (tp - per Judge Rice authorization after his review)
WALTER H. RICE
UNITED STATES DISTRICT JUDGE

16