**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **TERRI CHURCH, individually and on behalf of others similarly situated,** | : : : | |
| | : | **Case No.: 3:20-cv-135** |
| **Plaintiff,** | : : | |
| v. | : : | **JUDGE WALTER H. RICE** |
| | : | |
| **THE PINE CLUB, LLC** | : : | |
| | : | |
| **Defendant.** | : | |

---

### JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT

---

Plaintiff Patricia Friesinger, Esq., Trustee ("Plaintiff") and Defendant The Pine Club, LLC ("Defendant") (collectively, the "Parties") hereby request, through their undersigned counsel, that the Court provide an entry of an order approving the settlement between Plaintiff and Defendant pursuant to the FLSA. A copy of the parties' Settlement Agreement is attached hereto as Exhibit A, Declaration of Bradley L. Gibson as Exhibit B, and a proposed Order is attached hereto as Exhibit C. A Memorandum in Support of this Motion follows below.

Respectfully submitted,

/s/ Bradley L. Gibson
Bradley L. Gibson (0085196)
Gibson Law, LLC
9200 Montgomery Road, Suite 11A
Cincinnati, OH 45242
Phone: (513) 834-8254
Fax: (513) 834-8253
Email: brad@gibsonemploymentlaw.com

*Attorney for Plaintiff*

/s/ Jennifer D. Brumby (*per email authorization)*
Jennifer D. Brumby (0076440)
Taft Stettinius & Hollister LLP
40 N. Main Street, Suite 1700
Dayton, OH 45423
Phone: (937) 245-6857
Fax: (937) 228-2816
jbrumby@traftlaw.com

*Attorney for Defendant*

## MEMORANDUM IN SUPPORT

## I.    INTRODUCTION

Terri Church brought this action against Defendant The Pine Club, LLC ("Defendant") asserting that: (1) Defendant failed to inform employees of tip credit provisions under the Fair Labor Standards Act ("FLSA"); (2) Defendant violated the Ohio Minimum Fair Wage Standards Act, O.R.C. 4111 ("MFWSA" or "Chapter 4111") by not providing minimum wage payments; (3) Defendant violated the Ohio Prompt Pay Act, O.R.C. § 4113.15 ("OPPA") by failing to provide semi-monthly wages; and (4) Defendant unlawfully retaliated against Ms. Church in violation of O.R.C. § 4112 *et seq.*, and the Civil Rights Act of 1964 ("Title VII"). (CM/ECF Doc.#14).  On or about June 13, 2022, the Court granted Ms. Church's Motion to Subtitute Chapter 7 Bankruptcy Trustee in as Plaintiff.  (CM/ECF Doc. #20).  By granting the Motion, Chapter Bankruptcy Trustee, Patricia Friesinger, Esq., became the Plaintiff in this lawsuit.  (Id.)

Plaintiff's claim under the FLSA is premised on Defendant's alleged failure to inform Plaintiff of the tip credit provisions prior to applying a tip credit, thereby compensating Plaintiff at cash wage rates less than the Federal and Ohio minimum wage. Plaintiff brought a retaliation claim under Title VII and O.R.C. 4112 *et seq.*, because Defendant suspended and ultimately terminated Plaintiff's employment after she engaged in protected activity, by among other things, raising a complaint of sexual harassment in the workplace. Defendant disputes Plaintiff's claims.

In March 2022, the Parties settled Plaintiff's claims against Defendant, subject to the review of the settlement agreement and the approval by the Court.  Defendant settled Plaintiff's claims on the condition that the case be dismissed after the Court's approval of the settlement agreement and upon Plaintiff dismissing her claims with prejudice.

The Parties request that the Court approve their proposed settlement of Plaintiff's claims against Defendant. The Parties engaged in informal discovery for the purposes of allowing Plaintiff to provide a demand to Defendant. Thereafter, the Parties engaged in good-faith negotiations through their respective counsel of these bona fide disputes, which resulted in the parties reaching the final resolution respective of all terms. The Parties request the Court's approval because the terms of the settlement are adequate, fair, and reasonable.

## II.    SETTLEMENT TERMS

The material terms reflected in the attached Agreement provides for payment to Plaintiff for unpaid minimum compensation by Defendant for the time periods in which Plaintiff can potentially collect compensation in this action under the FLSA, OMFWSA, and the Ohio Constitution.[1] The Agreement directs that Defendant will, without any admission of liability, pay the total sum of $34,000.00 to Plaintiff, Ms. Church, and her legal counsel as allocated as follows:

(1) One payment to Patricia J. Friesinger, Chapter 7 Trustee for $2,500.00, less all tax withholdings required by law, representing back pay damages.

(2) One payment to Terri Lynn Church for $7,500.00, less all tax withholdings required by law, representing back pay damages.

(3) One payment to Patricia J. Friesinger, Chapter 7 Trustee for $10,000.00, representing liquidated damages and emotional distress damages

(4) One payment to Gibson Law, LLC in the amount of $14,000.00, representing attorneys' fees and costs associated with bringing this action.

In exchange for the monetary and other consideration recited in the Agreement, Plaintiff hereby agrees to dismiss the Lawsuit with prejudice and on the merits. Plaintiff shall release any

---

[1] Attached hereto as Exhibit A is the parties' agreed upon "Confidential and Comprehensive Mutual Release and Settlement Agreement."

and all of her wage-and-hour claims that were or could have been brought based on the specific factual allegations contained in the Action, that occurred or are alleged to have occurred at any time through the Approval Date, including without limitation claims for minimum wage payments, penalties, liquidated damages, interest, attorneys' fees or expenses, and further including claims under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, the Ohio Minimum Fair Wage Standards Act, O.R.C. §§ 4111 *et seq.*, the Ohio Constitution, and the Ohio Prompt Pay Act ("OPPA"), O.R.C. § 4113.15 ("Released Claims"). Furthermore, "Released Claims" includes any claims that were or could have been brought on an individual basis.

Plaintiff also releases and covenants not to sue Defendant from any matter arising out of or in any way related, directly or indirectly, to Plaintiff's employment with Defendant, Plaintiff's compensation and/or the termination thereof, the Released Claims, or with respect to any other transaction, event or occurrence pre-dating the date of this Agreement, whether now known or unknown, including, but not limited to, any claim of breach of contract, wrongful discharge, intentional infliction of emotional distress, retaliation and/or employment discrimination, whether in tort or in contract, any statutory or common law claim for attorneys' fees, any claim for interest on the amounts due hereunder, or any other claim under present or future federal, state or local statute or law, including, but not limited to, the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §2101, *et seq.*; Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*; the Age Discrimination in Employment Act, 29 U.S.C. §621, *et seq.* ("ADEA"); the Civil Rights Act of 1866, 42 U.S.C. §1981; the Civil Rights Act of 1991, P.L. 102-166; the Americans With Disabilities Act, 42 U.S.C. §12101, *et seq.*; the Fair Labor Standards Act of 1938, 29 U.S.C. §201, *et seq.*; the Equal Pay Act, 29 U.S.C. §206(d); the Lilly Ledbetter Fair Pay Act, Public Law No. 111-2; the Family and Medical Leave Act of 1993, 29 U.S.C. §2601, *et seq.*; the Occupational

4

Safety and Health Act of 1970, 29 U.S.C. §553, *et seq.*; the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, *et seq.*; the Consolidated Omnibus Budget Reconciliation Act of 1986, 29 U.S.C. §1161, *et seq.*; the National Labor Relations Act, 29 U.S.C. §151, *et seq.;* and any statutory amendments, R.C. Chapters 4111 and 4112; and Ohio Constitution Art. II, §§34 and 34a.

A. **Proposed Settlement Amount is a Fair and Reasonable Resolution of Bona Fide Dispute of FLSA Violations**

   Approval of the settlement under 29 U.S.C. § 216(b) is appropriate and is warranted in this case. Court approval of FLSA settlements is appropriate when reached as a result of contested litigation to resolve bona fide disputes. Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1358, fn.8 (11th Cir. 1982). Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. Id. at 1353-1354. The Court should also consider the following factors: the risk of fraud or collusion, the complexity, expense, and likely duration of the litigation, the amount of discovery completed, the likelihood of success on the merits, and the public interest in settlement. Crawford v. Lexington–Fayette Urban Cnty. Gov., 2008 WL 4724499, at *3 (E.D. Ky. Oct. 23, 2008) (citing Int'l Union, United Auto., Aerospace, and Agr. Workers of Am. v. Gen. Motors Corp., 497 F.3d 615, 631 (6th Cir. 2007)). If, however, the proposed settlement reflects a reasonable compromise over contested issues, a court should approve the settlement. Id. at 1354. In the instant matter, the settlement was a result of an arm's-length negotiation between competent Plaintiff's and Defendant's legal counsel experienced in FLSA litigation.

   Ms. Church began working for Defendant in or around July 2011. (CM/ECF Doc.#14, PageID 169). During the relevant periods herein, Ms. Church worked for Defendant as a non-exempt server. (Id.). Ms. Church alleges that Defendant paid her on an hourly basis while working as a non-exempt server at cash wage rates less than the Federal and Minimum wage and failed to

notify her of the required tip credit provisions prior to taking a tip credit. (Id.).  Ms. Church was entitled to cash wage rates not less than the Federal and Ohio minimum wage because, among other things, she was a non-exempt employee under the FLSA since Defendant paid her on an hourly basis.

Prior to filing Plaintiff's lawsuit, Ms. Church provided Defendant a demand that was, in part, based upon Defendant's failure to provide her the legally required tip credit notice.  That demand was calculated by: using a three-year look back period; calculating the difference between her hourly wage received and the applicable legal minimum wage for non-tipped workers; and, including the liquidated damages she claims she is entitled. Specifically, Ms. Church provided a $20,583.00 demand for her alleged wage-and-hour claims against Defendant.

Defendant denies that Plaintiff is entitled to the unpaid minimum wage claims.  Defendant claims that it provided Ms. Church the required tip-notice and, to the extent it did not, Plaintiff's claim for damages is overstated.

In light of the Parties' respective positions, the Parties have agreed to resolve their claims pursuant to the requirements set forth in the attached Agreement.  The settlement is fair, just, and an adequate resolution of Plaintiff's FLSA claims because, as threshold issue, the settlement amount is more than the entire amount of Plaintiff's demand for her unpaid minimum wage and liquidated damages.  The settlement is also fair given the necessary time and expense to further litigate this case.  As counsel for the Parties well understand, litigation is an inherently risky and lengthy process.  Formal discovery in this action, which has been limited in nature thus far, will necessarily be time consuming and complex, as this case involves significant fact-finding and document review.   Through the settlement negotiations, the Parties spent significant time discussing each side's respective claims and defenses, demonstrating significant material factual

disputes and differences in the interpretation of the law. Absent settlement, final adjudication of Plaintiff's claims may take several years, as the Parties would have to engage in discovery regarding Plaintiff's hours worked, elicit testimony of potential expert witnesses, file summary judgment motions, and conduct a trial. The Parties have thus entered into the Agreement to avoid the necessity, expense, inconvenience, and uncertainty of litigation.

There is no risk of fraud and collusion because the Parties' respective counsel have been in settlement negotiations for almost twenty-four months.

Plaintiff pursuing her FLSA claims will be very time consuming and costly given the types of evidence that she will need to rely upon to prevail. Evaluating the evidence will consist of the review of thousands of documents and hundreds of calculations. Further, Plaintiff's FLSA claims will consist of conducting depositions of many different servers and management employees.

Accordingly, in light of the contested factual and legal issues involved, the expense and time necessary to prosecute the action through trial, the risks and costs of further prosecution of the action, the uncertainties of complex litigation, and the benefits to be received pursuant to the Agreement, this Agreement is fair, reasonable, and in the best interests of the respective Parties and the Court should therefore approve it.

## B. The Attorneys' Fees Requested Are Reasonable

"The FLSA provides for award of reasonable attorney fees and costs in addition to any judgment awarded to the plaintiff." Morse v. Complete Wiring Concepts, LLC, 2018 U.S. Dist. LEXIS 105839 (citing See 29 U.S.C. § 216(b)). In an individual FLSA action, such as here, where the Parties settled on the fee through negotiation, there is a greater range of reasonableness for approving attorney's fees. See Ali v. Piron, LLC, 2019 U.S. Dist. LEXIS 63229 (E.D. Mich. 2019) (internal citations omitted). Further, "[a] reasonable fee is one that is adequate to attract

competent counsel, but … [does] not produce windfalls to attorneys." <u>Batista v. Tremont Enters.</u>, 2019 U.S. Dist. LEXIS 121658.

Here, the request for attorneys' fees is reasonable under the circumstances. Plaintiff agreed with her attorney to pay attorney's fees in an amount equal to the greater of the following amounts: (1) forty percent (40.00%) of the gross settlement or judgment received by Plaintiff; or (2) the amount awarded as attorneys' fees provided as a result of the fee-shifting statute (e.g., FLSA). (Declaration of Bradley L. Gibson, ¶6).[2] As of the date of this filing, the attorney's fees and costs allowed pursuant FLSA's fee-shifting provision is $12,950.00. (<u>Id.</u> at ¶9). Since that amount is less than the contingency fee amount the Plaintiff agreed, the attorneys' fees and costs requested are $14,000.00.

The attorney's fees requested pursuant to the contingency fee arrangement between the Plaintiff and her attorney is reasonable given, among other reasons, the risk associated with the attorney collecting no fees even if Plaintiff succeeds on the merits of her claims. Defendant is a small-to-mid-size company. (<u>Id.</u> at ¶8). As such, there is a real risk that Defendant could not make any payments to Plaintiff and her attorney if Plaintiff is to litigate her claims further.

The Plaintiff's attorney appreciates the risk of small-to-midsize companies choosing to file for bankruptcy in response to FLSA claims, as that has happened in a number of cases in which Plaintiff's attorney has been involved. For instance, in *William Collins et al., v. The Stable Bar, LLC, et al.*, Case No. 3:18-cv-00191, (S.D. Ohio) (J. Rose), the Plaintiff's attorney received no attorney's fees in that case because their clients were forced to dismiss their FLSA claims after the defendants in that case filed for bankruptcy. (<u>Id.</u> at ¶12). The defendants in that case were a restaurant and the individual business owner. (<u>Id.</u>) At the time of dismissal, the attorney's fees

---

[2] Attached hereto as Exhibit B is the Declaration of Bradley L. Gibson

were more than $30,000.00, which was never collected given the priority of defendants' secured creditors in bankruptcy. (Id.)

Likewise, in *Matthew Bechter et al. v. Orion Utilities, LLC et al.*, Case No., 3:16-cv-00252, (S.D. Ohio) (J. Rice), *Morgan Perry et al. v. Krieger Beard Services, LLC*, Case No. 3:17-cv-161 (S.D. Ohio) (J. Rose), and *Derek LaVonn Berry v. Aramark Services, Inc. et al.*, Case No. 18-cv-459 (S.D. Ohio) (J. Dlott), the small-to-mid-size companies that were defendants in those actions either filed for bankruptcy or took a default judgment after their counsel withdrew in the face of FLSA claims. (Id.) Given that the plaintiffs' claims were strongest against those defendants, Plaintiffs' attorneys were forced to accept attorneys' fees well below the lodestar amount in order to resolve the claims against the remaining companies.

The risk of non-payment in FLSA cases involving small-to-mid-size companies is high because, while companies often have employment practices liability insurance plans, those plans almost always exclude coverage for claims brought under the FLSA and other wage-and-hour laws. (Id. at ¶13). As such, there is no "deep pocket" for plaintiffs to seek payment in FLSA cases involving small-to-mid-size companies. The risk of non-payment is also high because small-to-mid-size companies generally have less access to capital necessary to make sizable payments.

The attorney's fees requested by Plaintiff's attorney is also reasonable based upon other decisions in the Southern District of Ohio that compare the contingency fee amount to the lodestar amount. As discussed, the requested attorney's fees pursuant to the contingency amount is less than a multiplier of 2 of the lodestar amount. In light of that ratio, the attorney's fees requested in this case are reasonable. See Castillo v. Morales, Inc., 2015 U.S. Dist. LEXIS 192936, *7 (S.D. Ohio, Dec. 22,2015) (holding that a 2.5 multiplier is "typical of lodestar multipliers in similar cases"); Thorn v. Bob Evans Farms, Inc., 2016 U.S. Dist. LEXIS 195207, **7 – 8 (S.D. Ohio, Feb.

26, 2016) (determining the common fund amount is reasonable given the "fee requested represents a multiplier of 2.01 of the lodestar amount."). Relying upon that ratio to determine the reasonableness of the attorney's fees requested is most logical given that attorneys provide their services through the time they provide their clients in pursuing their clients' claims. For instance, attorneys who receive contingency fee amounts equal to double their lodestar amounts attributes the realistic risks associated with bringing claims on a contingency fee basis. If attorneys cannot receive the premium relative to the risk they take working on a contingency fee basis, they will not be able to represent clients. That is especially true in situations such are here because, as discussed, there is a real risk Plaintiff's attorneys could receive no payment at all.

## CONCLUSION

For all of the above reasons, the Parties respectfully request that the Court approve the Parties' executed Agreement and enter the proposed order dismissing the Plaintiff's action in its entirety, with prejudice.

Respectfully submitted,

/s/ Bradley L. Gibson
Bradley L. Gibson (0085196)
Gibson Law, LLC
9200 Montgomery Road, Suite 11A
Cincinnati, OH 45242
Phone: (513) 834-8254
Fax: (513) 834-8253
Email: brad@gibsonemploymentlaw.com

*Attorney for Plaintiff*

/s/ Jennifer D. Brumby (*per email authorization*)
Jennifer D. Brumby (0076440)
Taft Stettinius & Hollister LLP
40 N. Main Street, Suite 1700
Dayton, OH 45423
Phone: (937) 245-6857
Fax: (937) 228-2816
jbrumby@traftlaw.com

*Counsel for Defendant*

10

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 25, 2022,  a copy of the foregoing was filed electronically.

Notice of this filing will be sent by operation of the Court's electronic filing system to all parties

indicated on the electronic filing receipt.


/s/ Bradley L. Gibson
Bradley L. Gibson (0085196)